IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MICKY G. SAUCIER**                                                                      **PLAINTIFF**

V.                                          **CIVIL ACTION NO. 1:24cv285 TBM-BWR**

**WALMART INC. d/b/a**
**WALMART SUPERCENTER, STORE #1195**                          **DEFENDANT**

## AMENDED COMPLAINT

## JURY TRIAL DEMANDED

The Plaintiff, Micky G. Saucier, files this Complaint against the Defendant, Walmart Inc. d/b/a Walmart Supercenter Store #1195, and in support would show the following:

I.

The Plaintiff, Micky G. Saucier ("Micky"), is an adult resident citizen of Harrison County, Mississippi.

II.

The Defendant, Walmart Inc. Store #1195 ("Walmart"), is a foreign corporation with its corporate headquarters located at 702 SW 8th Street, Bentonville, AR 72716. Walmart is licensed to do business in the State of Mississippi and at all material times alleged herein, Walmart committed a tort within the State of Mississippi and within the jurisdiction of this Court. Walmart may be served with process by service upon its

registered agent, CT CORPORATION SYSTEM, at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232. Walmart Supercenter, Store #1165 is located at 460 Highway 90, Waveland, MS 39576.

III.

Diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and cost.

IV.

FACTS

On or about January 17, 2024, Micky was a business invitee of the Walmart Store #1195. On January 17, 2024, Micky entered the Walmart store in Waveland, Mississippi Store #1195 (Hancock County) in the early morning hours to effect delivery for Allen Beverages, his employer. At the time of the delivery and his attempted departure, it was still nighttime and/or dark outside. As Micky exited out the receiving door and began walking to his delivery truck, he fell over two rusted forklift extenders in the walkway which resulted in his injuries. The forklift extenders were about six to eight feet from the receiving door. Micky has delivered the Allen beverage product to this location numerous times and he never encountered the forklift extenders nor were any warning signs in place.

V.

ALLEGATIONS OF NEGLIGENCE

Micky would show that as a business invitee Walmart, through its employees, agents and servants, had a non-delegable duty to provide Micky with a reasonably safe

premise and to exercise reasonable care in providing a safe premise for Micky to complete the delivery process and exit the premises. As a direct and proximate result of the negligence of Walmart, Micky suffered a fall resulting in injuries. The fall was proximately caused by the negligently placed forklift extenders which entitles Micky to reasonable compensation for all injuries sustained. Specifically, Micky would allege and show that Walmart, through its agents, servants and employees, was guilty of negligence in one or more of the following respects which caused or proximately contributed to the fall and the injuries sustained by Micky. Further, the negligent omissions and commissions of the Walmart servants and/or employee are imputed to Walmart for which Walmart is liable, to-wit:

1. In negligently failing to provide a reasonably safe walking area for its invitee workers.

2. In negligently failing to correct or rectify the dangerous condition of the disorderly walkway, and in failing to correct or rectify the disorderly walkway condition in which case Walmart had a duty to warn of the disorderly walkway condition.

3. In negligently allowing a dangerous condition to exist when Walmart knew, or through the exercise of reasonable care should have known, that an inordinate number of business invitees would traverse or cross-through the disorderly walkway during any time of the day or night when Walmart was open for business.

4. In negligently allowing a dark area to exist in the Walmart building which created a dangerous condition for invitees to traverse including an invitee who was

delivering a product for the benefit of Walmart, all of which was well known to Walmart. Alternatively, Walmart was negligent by failing to warn of the lack of lighting if Walmart contends it cannot correct the dangerous situation.

5. In negligently allowing rusted forklift extenders to lay on the dark pavement in an area regularly used by delivery drivers which created a dangerous condition for the drivers using that area to return to their delivery trucks.

VI.

Micky would show that as a result of the fall he consulted a physician and has been diagnosed with significant tearing of the tissues in the right shoulder. He would further show that since his injuries he has undergone surgical intervention to correct the injuries to his right rotator cuff and other tissues in the right shoulder. Furthermore, Micky is currently undergoing physical therapy to regain the use of his shoulder. Micky would show that he continues to suffer from pain and had to wear a brace at the recommendation of his physician to assist with stability of the shoulder and the associated pain. Furthermore, the surgery, fall and subsequent treatment have caused Micky to have neck and head pain. Micky would show that as a result of the negligence of Walmart, its servants and employees, he has suffered a disability and has and will in the future incur physician, hospital and therapy related expenses. Further, Micky has and will continue to endure physical and emotional pain and suffering and once the shoulder repair occurs, he will suffer from an anatomical disability. Micky would further show that as a result of the injuries he suffered past, present and future loss of income/wages through his employment with Allen Beverages.

WHEREFORE PREMISES CONSIDERED Micky sues and demands judgment from Walmart in the sum of $800,000.00, actual damages, together with cost and post-judgment interest.

**RESPECTFULLY SUBMITTED** the 13th day of November 2024.

                MICKY SAUCIER

                BY: /s/MITCHELL OWEN (MS Bar No. 103895)

JOE SAM OWEN, MSB # 3965
MITCHELL OWEN, MSB # 103895
Owen and Owen, P.L.L.C.
Post Office Drawer 420
Gulfport, MS 39502-0420
Tel:(228) 868-2821/Fax- (228) 864-6421
jso@owen-owen.com
mlo@owen-owen.com

5

## CERTIFICATE OF SERVICE

I, MITCHELL OWEN, of the law firm Owen and Owen, P.L.L.C., do hereby certify that I have this date electronically filed the foregoing AMENDED COMPLAINT with the Clerk of the Court using the ECF system, which served a copy to all counsel of record.

SO CERTIFIED this the 13th day of November 2024.

/s/ MITCHELL OWEN

JOE SAM OWEN, MSB # 3965
MITCHELL OWEN, MSB # 103895
Owen and Owen, P.L.L.C.
Post Office Drawer 420
Gulfport, MS 39502-0420
Tel:(228) 868-2821/Fax- (228) 864-6421
jso@owen-owen.com
mlo@owen-owen.com